U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 1 9 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

SHANEATHA TRENICE EDWARDS

CRIMINAL NO. 06-50135-08
JUDGE S. MAURICE HICKS, JR.

## MEMORANDUM ORDER

Before the court is a motion to sever filed by Sheneatha Trenice Edwards ("Edwards"). See Record Document 258. For the reasons set forth below, Edwards' motion is **DENIED**.

Edwards contends that the government has only charged her with filing a false claim, while her co-defendants are accused of staging accidents and making false claims in a scheme to secure illegal narcotics. She argues that if she is tried by a jury that is "inundated by facts concerning five staged accidents and drug trafficking . . . the jury will apply a transference of guilt to Ms. Edwards by virtue of association." Record Document 258. She further argues that "the bulk of the evidence presented in her trial [will have] no probative value whatsoever with regard to the issues in her case," creating unfair prejudice. Id.

Federal Rule of Criminal Procedure 8(b) provides that when multiple defendants are alleged to have participated in the same act or transaction, they may be charged together in the same indictment. The propriety of joinder will often be assessed by

looking to the allegations contained in the indictment. See United States v. Chagra, 754 F.2d 1186, 1188 (5th Cir. 1985). Moreover, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," particularly when a conspiracy charge is involved. Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 937 (1993); United States v. Neal, 27 F.3d 1035, 1045 (5th Cir. 1994). Joinder of defendants charged with conspiracy may be proper even when some of the conspirators participated only in some aspects of the scheme. See United States v. Lindell, 881 F.2d 1313, 1318 (5th Cir. 1989).

> Federal Rule of Criminal Procedure 14 provides:
> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In order to obtain a Rule 14 severance, the defendant must make a showing of specific and "compelling prejudice." United States v. Richards, 204 F.3d 177, 193 (5th Cir. 2000), overruled on other grounds by United States v. Longoria, 298 F.3d 367, 372 & n. 6 (5th Cir. 2002); United States v. Coppola, 788 F.2d 303, 307 (5th Cir. 1986).

The government correctly notes, in its response, that the Fifth Circuit recognizes a strong presumption that "as a general rule, persons indicted together should be tried together, especially in a conspiracy case." United States v. Tencer, 107 F.3d 1120, 1132 (5th Cir. 1997)(internal citation omitted). Here the indictment states that "[t]he primary object of the conspiracy was to obtain payments from the insurance companies to which the Defendants were not entitled." Record Document 1. Edwards' charges and the charges against her co-defendants all allege participation in this conspiracy,

therefore it is appropriate to try the defendants together. Furthermore, the possibility that evidence against a co-defendant may "spill over" onto the defendant is insufficient to demonstrate compelling prejudice, particularly when the court gives limiting instructions. See United States v. Henthron, 815 F.2d 304, 308 (5th Cir. 1987). Therefore;

**IT IS ORDERED** that Edwards' motion to sever (Record Document 258) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 19th day of December, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE